

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILL WILSON~~ xxxxxxxxxxx
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Mr. Woods:

Opinion No. 0-5917

Re: Employment and supervision of
employees who keep the records of
the State Board of Education.

Your recent request of this department for an opinion regarding
the above subjects reads as follows:

"In a recent opinion you held that the State Board of Education
and the State Board for Vocational Education are one and the same,
and that the duty of distributing Federal subsidies for vocational
subjects is an additional responsibility to be assumed by the State
Board of Education, and that the State Superintendent, who is Ex
Officio Secretary of the State Board of Education is also Ex Officio
Secretary of the State Board for Vocational Education.

"Article 2662 of the Revised Civil Statutes states that 'The State
Superintendent shall file all reports, documents and papers transmitted
to him and the State Board by county or city school officers, and form
all other sources pertaining to public schools, and keep a complete
index of the same.'

"Article 2656 of the Revised Civil Statutes, which prescribes the
duties of the State Superintendent, provides, in part, that 'He shall
examine and approve all accounts against the school funds that are to
be paid by the State Treasurer, and upon such approval, the Comptroller
shall be authorized to draw his warrant. He may employ such clerks to
perform the duties of his office as may be authorized by appropriations
therefor.'

"The State Superintendent has considered it his function to keep
a record of the business which the Board has transacted, both finan-
cial and otherwise. Is it not a fact that the State Superintendent is
authorized, under the provisions of Article 2662, to keep all records
of the State Board of Education?

"Article 2656, referred to above, specifically states that the
State Superintendent may employ such clerks to perform the duties of
his office as may be authorized by appropriation therefor. Since the

State Superintendent is responsible for all records dealing with the
State Board of Education, and the records, both financial and other-
wise, are kept by persons for whom the Legislature has appropriated
salaries, is it not a fact that the auditors, secretaries and other
persons responsible for keeping these records, whose positions are
listed in the appropriation for the State Department of Education, are
to be considered employees of the State Superintendent of Public In-
struction and subject to his supervisions?"

Article 2662, R. C. S. is correctly quoted in your letter, ex-
cept that a comma precedes the clause, "pertaining to public school,"
It is clear, therefore, that said Article only requires the State
Superintendent to file and keep a complete index of all reports, docu-
ments and papers covered thereby and which pertain to public schools.
Said Article was passed by our Legislature in 1905, and has never been
changed. Reports, documents and papers pertaining to vocational edu-
cation and rehabilitation do not pertain to public schools, and are
not covered by said Article. If we should be mistaken in this con-
clusion, said Article has been superseded insofar as reports, docu-
ments and papers pertaining to vocational education and rehabilitation
are concerned. The passage of our vocational education and rehabili-
tation statutes was effected many years after 1905. They therefore
supersede all previous statutes in conflict therewith. For an ex-
tended discussion of said statutes, see our former Opinion No. O-5716.

Article 2656, R. C. S., was also covered by said former Opinion
No. O-5716, as well as by our former Conference Opinion No. 2905. As
heretofore stated in Opinion No. O-5716, "it was pointed out in Con-
ference Opinion No. 2905 **** that this Article (2656) authorized the
State Superintendent to appoint clerks where there are appropriations
made for that purpose and where such clerks are to perform the duties
of his office.

"It was further held therein that said Article (2656) was inap-
plicable to employees engaged in the vocational educational divisions
and that such employees are not clerks of the State Superintendent.
As was therein observed, the employment of personnel, under the stat-
utes and state-federal plans relative to vocational education, is by
specific legislative recognition the function of the State Board for
Vocational Education."

In our former Opinion No. O-5828, which dealt with the creation
of the original Board of Education and the creation of the present
State Board of Education, their powers and duties, we pointed out
that:

" Where certain duties are conferred by the Legislature upon a
designated officer, the Legislature is the only authority whereby said
duties may be withdrawn or conferred upon others. By 'certain duties'
is meant, of course, those duties which the Legislature has power to
confer."

Therefore, when the Legislature designated the State Board of Education as the State Board of Vocational Education, and imposed upon it the added duties of promoting vocational education and rehabilitation in Texas, said Board was empowered to employ and supervise the  necessary personnel for their accomplishment.  No such power was given the State Superintendent of Public Instruction, and none can be implied from the present provisions of our statutes.

The State Superintendent is the statutory exofficio Secretary of said Board.  Article 2675b-3, V. A. C. S. Since his duties as such are not enumerated in said Article, he should perform such duties as are ordinarily performed by a secretary.  Keeping a complete record of the Board's proceedings is certainly one of his duties.  This is commonly referred to as keeping the minutes of said Board.  By "minutes" is meant "The official record made of the transactions or proceedings at a meeting or an organized body, as of the stockholders or directors of a corporation."  Webster's New International Dictionary, Second Edition.

"A 'Secretary' is an official scribe; an amanuensis or writer; a person employed to write orders, records and the like.  The term is practically synonymous with 'clerk'."  Griffin v. Town of Corydon, Ky. 44 S.W. 629.

"Secretary" is also defined as "An official scribe, amanuensis, or writer; a person employed to write letters, despatches, orders, public or private papers, records, and the like."  This last definition is from 56 C. J. 1269, and is quoted in the Texas Civil Appeals case of Mauritz v. Schwind, 101 S. W. (2) 1085, 1090.

The foregoing statements and definitions are sufficient in scope to cover the duties which are ordinarily performed by a secretary.

It should be noted that the duties set forth in Articles 2662 and 2656, V. A. C. S., are duties imposed upon the State Superintendent as such, and not as ex-officio secretary of the board.

In view of the foregoing, our answers to both questions submitted are in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/L. H. Flewellen
Assistant

LHF-MR-wc

APPROVED APRIL 8, 1944  s/Geo. P. Blackburn ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE By BWB  CHAIRMAN